IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA FINE WINE & SPIRITS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID COOK, Chairman, Indiana Alcohol and Tobacco Commission; JOHN KRAUSS, Vice Chairman, Indiana Alcohol and Tobacco Commission; DALE GRUBB, Commissioner, Indiana Alcohol and Tobacco Commission; and MARJORIE MAGINN, Commissioner, Indiana Alcohol and Tobacco Commission,<br><br>    Defendants. | Case No. 1:20-cv-00741-TWP-MJD |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

The Plaintiff, Indiana Fine Wine & Spirits, LLC ("IFWS"), by counsel, respectfully moves this Court to award it attorneys' fees and costs as the prevailing party in this matter under Fed. R. Civ. P. 54(d)(2) and Local Rule 54-1, and states the following in support thereof:

1. "The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, allows 'the prevailing party' in certain civil rights actions, including suits brought under § 1983, to recover 'a reasonable attorney's fee.'" *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (quoting 42 U.S.C. § 1988) (per curiam). "A plaintiff 'prevails,' we have held, 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 (1992)). The Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Id.*

2. "Section 1988's 'overriding goal [is] to reimburse with a reasonable attorneys' fee those who as 'private attorneys general' take it upon themselves to invoke and thereby invigorate federal constitutional and statutory rights.'" *Jamgotchian v. Indiana Horse Racing Comm.*, Cause No. 1:16-cv-2344-WTL-TAB, 2018 WL 2560941, *1 (S.D. Ind. June 4, 2018) (quoting *Charles v. Daley*, 846 F.2d 1057, 1063 (7th Cir. 1988)) (alteration in original). "An award of attorneys fees thus both reimburses a plaintiff for what it cos[t] [him] to vindicate [civil] rights, and holds to account a violator of federal law." *Id.* (internal quotation omitted) (alteration in original). And with particular reference to this case, "[v]iolations of the dormant Commerce Clause are cognizable." *Id.*

3. A motion for attorneys' fees must be filed "within 14 days after final judgment is entered." S.D. Ind. L. R. 54-1. On July 20, 2020, this Court entered a permanent injunction (Dkt. 58) and final judgment (Dkt. 59) in favor of the Plaintiff and against the Defendant, declaring that the residency requirement of Ind. Code § 7.1-3-21-5.4(b) ("Residency Requirement") violates the dormant Commerce Clause of the United States Constitution and barring its enforcement. Therefore, this Motion timely seeks the award of Plaintiff's attorneys' fees and costs.

4. Calculating the fee award involves four steps: "(1) establishment of a reasonable hourly rate; (2) tabulation of attorney hours reasonably expended on the case; (3) multiplication of these two numbers to reach a 'lodestar' figure; and (4) reduction of this amount (where appropriate) to account for limited success." *Jamgotchian*, 2018 WL 2560941 at *2. A motion for fees must include "sufficient fee documentation with adequate explanation in order to provide the court with a basis for evaluating the claim," and the fee request must be "limited to reasonable expenses and eliminate[] excessive, redundant, or otherwise unnecessary time." *Id.* The "party seeking fees bears the burden of proving the reasonableness of the hours worked and the hourly

rates claimed." *Id.*

5. First, a "reasonable hourly rate is 'one that is derived from the market rate for the services rendered.'" *Id.* at *3. "If the attorney has an actual billing rate that he or she typically charges and obtains for similar litigation, that is presumptively his hourly rate." *Id.* Here, as detailed in Declarations of William J. Murphy and Bradley M. Dick, the hourly rates for William J. Murphy ($725), John J. Connolly ($625), Bryan H. Babb ($470), Andrew M. McNeil ($465), Alex C. Intermill ($415), and Bradley M. Dick ($395), are the actual market billing rates charged by these attorneys to clients for similar litigation. (Murphy Dec. ¶ 9; Dick Dec. ¶ 6.) Indeed, these are the rates that Plaintiff, a sophisticated business entity, agreed to pay for professional services, and the invoices have been paid. (*Id.*) As detailed in the Declarations, these hourly rates are fair and reasonable for attorneys with comparable experience. (*Id.*)

6. Second, as detailed in the Declarations, the number of attorney and paralegal hours expended on this case were reasonable. (Murphy Dec. ¶¶ 12-13; Dick Dec. ¶¶ 7-9.) In this case, Plaintiff prevailed on a claim that the Residency Requirement violated the Dormant Commerce Clause. Plaintiff litigated the matter with unusual efficiency. Initially, Plaintiff's attorneys sought to avoid litigation by explaining to Indiana's Attorney General why the Residency Requirement was unconstitutional. Plaintiff's counsel pointed out that if litigation were necessary, Plaintiff would reserve its rights to seek attorney's fees and costs under §§ 1983 and 1988 and other applicable law. When litigation proved necessary, Plaintiff moved for a preliminary injunction at the earliest practicable opportunity and, after prevailing on the motion, moved toward converting it to a final judgment without substantial additional expense. By devoting substantial resources in preparing persuasive factual and legal argument at the outset, Plaintiff avoided protracted and costly discovery proceedings, further motions practice, and evidentiary hearings. Plaintiff's

attorneys spent the following number of hours working on this case: Mr. Murphy, 35.9 hours; Mr. Connolly, 72.4 hours; Mr. Babb, 31.3 hours; Mr. Intermill, 11.1 hours; Mr. McNeil, .2 hours; and Mr. Dick, 30.3 hours. (Murphy Dec. ¶ 12; Dick Dec. ¶ 8.) In addition, 7.9 hours of paralegal time were spent on the case. (*Id.*)

7.   Plaintiff's attorneys undertook the following tasks, which were reasonable and necessary to obtain the result of this Court entering preliminary and permanent injunction orders barring enforcement of the Residency Requirement, which enabled Plaintiff to become eligible for a permit to open a package liquor store. Plaintiff's counsel researched federal and Indiana law to draft the Complaint. (Murphy Dec. ¶ 11; Murphy Dec. Exs. 3-8; Dick Dec. ¶ 7; Dick Dec. Ex. 6.) They researched and drafted a motion for a preliminary injunction. (*Id.*) They replied in support of the preliminary injunction motion. (*Id.*) They performed various tasks such as drafting a case management plan, preliminary witness and exhibit lists, and the initial disclosures. (*Id.*) After this Court granted the preliminary injunction, the parties sought to settle this case, but those efforts were unsuccessful. (*Id.*) Plaintiff's counsel then researched, drafted, and filed a motion for permanent injunction and a reply in support of a permanent injunction. (*Id.*) Plaintiff's counsel also drafted and filed proposed orders for a permanent injunction and final judgment. (*Id.*) Plaintiff's attorneys attended at least four status conferences with the Magistrate Judge. (*Id.*) Plaintiff's counsel researched and drafted this Motion and the accompanying Declarations.[1] (*Id.*) Finally, Plaintiff's counsel had numerous telephone and email exchanges with counsel for the ATC on a number of different topics over the course of several weeks in order to streamline this litigation for the benefit of both parties and this Court. (Dick Dec. Ex. 6.) The number of hours

---

[1] "[C]ounsel are entitled to full compensation, including the time spent pursuing requests for fees." *Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988).

expended by Plaintiff's counsel in this matter were reasonable.

8.  Third, in calculating the fee award, the district court multiplies the reasonable hourly rate by the reasonable number of hours expended working on the case. *Jamgotchian*, 2018 WL 2560941 at *2. Plaintiff's counsel have done so in their affidavits to come up with a lodestar amount of $106,099.10. (Murphy Dec. ¶ 12; Dick Dec. ¶ 8.) As detailed in the Declarations, Plaintiff has also incurred reasonable costs of $1,381.60. (*Id.*)

9.  Finally, a district court reduces the lodestar "amount (where appropriate) to account for limited success." *Jamgotchian*, 2018 WL 2560941 at *2. In this case, Plaintiff had complete success in barring enforcement of the Residency Requirement and having it declared unconstitutional, and this result permitted Plaintiff to apply for a permit to open a package liquor store in Indiana. As a result, a reduction in the lodestar amount would be inappropriate.

10. In conclusion, this Court should grant the Motion and award Plaintiff the full amount of attorneys' fees and costs it has reasonably expended obtaining relief in this case.

WHEREFORE, this Court should enter an order awarding Plaintiff the following: (i) $106,099.10 in attorneys' fees; (ii) $1,381.60 in costs; and (iii) all other just relief.

Respectfully submitted,

*/s/ Bryan H. Babb*
Bryan H. Babb, No. 21535-49
Alex C. Intermill, No. 25315-49
Bradley M. Dick, No. 29647-49

William J. Murphy**
John J. Connolly**

ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, MD 21202
Phone (410) 332-0444
Fax (410) 659-0436
wmurphy@zuckerman.com
jconnolly@zuckerman.com

BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Phone (317) 684-5000
Fax (317) 684-5173
bbabb@boselaw.com
aintermill@boselaw.com
bdick@boselaw.com

** Pro Hac Admission Approved

***Attorneys for the Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Jefferson S. Garn
>Sarah Hurdle Shields
>Lauren A. Jacobsen
>OFFICE OF THE INDIANA ATTORNEY GENERAL
>Indiana Government Center South, 5th Floor
>302 West Washington Street
>Indianapolis, IN 46204-2770
>Jefferson.Garn@atg.in.gov
>Sarah.Shields@atg.in.gov
>Lauren.Jacobsen@atg.in.gov

>s/*Bryan H. Babb*
>Bryan H. Babb

3901072_1