### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA FINE WINE & SPIRITS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVID COOK, Chairman, Indiana Alcohol and Tobacco Commission; JOHN KRAUSS, Vice Chairman, Indiana Alcohol and Tobacco Commission; DALE GRUBB, Commissioner, Indiana Alcohol and Tobacco Commission; and MARJORIE MAGINN, Commissioner, Indiana Alcohol and Tobacco Commission, <br><br> Defendants. | Case No. 1:20-cv-00741-TWP-MJD |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

The Plaintiff, Indiana Fine Wine & Spirits, LLC ("IFWS"), by counsel, respectfully submits its Reply in Support of the Motion for Attorneys' Fees and Costs ("Motion"), and states the following in support thereof:

1. In its Response to the Motion ("Response"), the State of Indiana only challenges the hourly rates of IFWS's out-of-state counsel (Mr. Murphy and Mr. Connolly)—who litigated the *Tennessee Wine* case, which this Court relied on in its decision. *Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449, 2453 (2019) (listing "William J. Murphy, John J. Connolly, Zuckerman Spaeder LLP, Baltimore, MD" as counsel). Despite Mr. Murphy and Mr. Connolly's extremely relevant experience, the State makes two interrelated, and incorrect, arguments that their rates are too high: (1) the State claims that this Court can only look to "the market rate for the Indianapolis legal community"; and (2) the State claims this Court should look

to the "next best evidence" to determine the appropriate rate. (Dkt. 61 ¶¶ 3-4.) Both arguments are wrong. While Mr. Murphy and Mr. Connolly charge more per hour than some local counsel, they began this case with an extreme wealth of knowledge on the exact issue that carried the day (that a residency requirement violated the Dormant Commerce Clause), and their expertise undoubtedly reduced the bills in this case because they were not starting from scratch.

2. First, the Seventh Circuit has repeatedly rejected the State's argument that a district court should reduce an out-of-town attorneys' rates to local rates. In *Mathur v. Board of Trustees of S. Illinois Univ.*, 317 F.3d 738, 742 (7th Cir. 2003), the district court found "that the attorney rates charged by Marilyn F. Longwell & Associates and by John Madden are in excess of the market rates in Southern Illinois," and the district court reduced their rates to southern Illinois rates. "Considering 'the community' for purposes of rate-setting to be southern Illinois, the district court here used that area's local rates when determining the lodestar amount. This method of accounting misreads *Spegon* [*v. Catholic Bishop of Chicago*, 175 F.3d 544, 551 (7th Cir. 1999)] and our other cases discussing this issue." *Id.* at 743. The State, likewise, cites *Spegon* and concludes that "community" must mean Indianapolis. (Response ¶ 2.)

3. The Seventh Circuit rejected that a district court should simply lower an out-of-town attorney's rates to local rates: "just because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward." *Mathur*, 317 F.3d at 743. The Seventh Circuit held that "if an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount, though if 'local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service.'" *Id.* at 744 (quoting *Chrapliwy v.*

*Uniroyal, Inc.*, 670 F.2d 760, 768 (7th Cir. 1982)). The Seventh Circuit held that by "declaring that the lower rate was appropriate because of the prevailing local rates in southern Illinois, without regard to the quality of services rendered by the appellants, the district court abused its discretion." *Id.*

4. In *Chrapliwy*, 670 F.2d at 769, the Seventh Circuit came to the same conclusion and offered the following rationale that is particularly relevant to this case:

> Attorneys with specialized skills in a narrow area of law, such as admiralty law, patent law, or antitrust and other complex litigation, tend to be found in large cities, where an attorney may have a greater opportunity to focus on a narrow area of law. As a specialist, the attorney will usually charge more for performing services in his area of expertise than a general practitioner will charge for performing similar services. Furthermore, the costs of practicing law will vary from city to city, and such costs will be reflected in the rates of the attorneys.

5. This Court has also addressed out-of-town attorney rates, and Judge Barker's analysis is highly relevant:

> The broad experience of Finley Kumble, including its handling of several other significant first amendment cases in the federal courts and its filing of numerous amicus briefs before the Supreme Court, makes it unlikely that the plaintiffs could have obtained equal representation locally. The City has not demonstrated that like or equal experience was available locally. Furthermore, the court notes that while the billing rates of specialists from large cities may be higher, the expertise of the specialist may actually reduce the number of hours that would normally be necessary to gain a mastery of the particular area of the law.
>
> Another factor leading this court to conclude that it was reasonable for the plaintiffs to engage out-of-town counsel is that Finley Kumble has represented the plaintiff trade associations in first amendment matters for over eight years. In fact, Finley Kumble had represented the plaintiffs in their effort to defeat passage of the ordinance challenged in this case, before a lawsuit was even filed. The court, therefore, cannot say that it was unreasonable for American Booksellers to have its legal services performed by Finley Kumble.

*Am. Booksellers Ass'n, Inc. v. Hudnut*, 650 F. Supp. 324, 328 (S.D. Ind. 1986).

6. In this case, Mr. Murphy and Mr. Connolly have represented Total Wine and its

affiliates, of which IFWS is one, for many years. (Murphy Dec. ¶¶ 5-8.)[1] They represented a Total Wine affiliate in the *Tennessee Wine* case, which was dispositive in this case. (*Id.*) Mr. Murphy presented the oral argument in the *Tennessee Wine* case before the Sixth Circuit, where Tennessee Wine also prevailed. (*Id.* ¶ 7.) In challenging Mr. Murphy and Mr. Connolly's rates, the State has not even attempted to show that "local attorneys could do as well" or that "there is no other reason to have" Mr. Murphy and Mr. Connolly work on this case, which are the factors the Seventh Circuit has directed a district court to evaluate. *Mathur*, 317 F.3d at 744. Undersigned counsel knows of no local attorneys who know as much about residency requirements and the Dormant Commerce Clause as Mr. Murphy and Mr. Connolly (and the State has not offered any names), and there was certainly a very good reason to have Mr. Murphy and Mr. Connolly involved in this case—they just won the same issue before the Sixth Circuit and United States Supreme Court. Moreover, trying to have local counsel learn what Mr. Murphy and Mr. Connolly already knew, even at a lower hourly rate, surely would have cost more money. This Court should not reduce Mr. Murphy and Mr. Connolly's rates to local rates, as the State urges, because to do so would be reversible error. *Mathur*, 317 F.3d at 744.

7. Second, the State claims that this Court should look to "the 'next best evidence'" to determine Mr. Murphy and Mr. Connolly's rates. (Response ¶¶ 3-4.) The Seventh Circuit has rejected this approach: "Only if an attorney is unable to provide evidence of her actual billing rates should a district court look to other evidence, including rates similar experienced attorneys in the community charge paying clients for similar work." *Mathur*, 317 F.3d at 743. Mr. Murphy and Mr. Connolly have offered evidence that these rates ($725 and $625 respectively) are their actual

---

[1] IFWS is submitting a corrected version of the Murphy Declaration. The original filed version inadvertently omitted page 3 due to a document scanning error.

billing rates, and IFWS has paid Mr. Murphy and Mr. Connolly's rates. Murphy Dec. ¶ 9; *Washington v. Med-1 Sols., LLC*, No. 117CV00534TWPDKL, 2018 WL 1426570, at *3 (S.D. Ind. Mar. 21, 2018) ("A reasonable hourly rate for an attorney is that rate the attorney actually charges and receives in the marketplace from paying clients.").

8. Mr. Murphy and Mr. Connolly's rates are reasonable, given their considerable and highly relevant experience. The State has failed to show that other local attorneys had the same level of specialized experience, and the State has certainly failed to rebut that there were valid reasons for IFWS to retain them in this matter. Because the State has not challenged any other aspect of the Motion, this Court should grant the Motion and award IFWS its costs and attorneys' fees as requested.

WHEREFORE, this Court should enter an order awarding Plaintiff the following: (i) $106,099.10 in attorneys' fees; (ii) $1,381.60 in costs; and (iii) all other just relief.

Respectfully submitted,

*/s/ Bryan H. Babb*

| | |
|---|---|
| William J. Murphy** | Bryan H. Babb, No. 21535-49 |
| John J. Connolly** | Alex C. Intermill, No. 25315-49 |
| | Bradley M. Dick, No. 29647-49 |
| ZUCKERMAN SPAEDER LLP | |
| 100 E. Pratt St., Suite 2440 | BOSE MCKINNEY & EVANS LLP |
| Baltimore, MD 21202 | 111 Monument Circle, Suite 2700 |
| Phone (410) 332-0444 | Indianapolis, IN 46204 |
| Fax (410) 659-0436 | Phone (317) 684-5000 |
| wmurphy@zuckerman.com | Fax (317) 684-5173 |
| jconnolly@zuckerman.com | bbabb@boselaw.com |
| | aintermill@boselaw.com |
| ** Pro Hac Admission Approved | bdick@boselaw.com |

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Jefferson S. Garn
>Sarah Hurdle Shields
>Lauren A. Jacobsen
>OFFICE OF THE INDIANA ATTORNEY GENERAL
>Indiana Government Center South, 5th Floor
>302 West Washington Street
>Indianapolis, IN  46204-2770
>Jefferson.Garn@atg.in.gov
>Sarah.Shields@atg.in.gov
>Lauren.Jacobsen@atg.in.gov

>*s/Bryan H. Babb*
>Bryan H. Babb

3912752_1