UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA FINE WINE & SPIRITS, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVID COOK, Chairman, Indiana Alcohol and ) <br> Tobacco Commission; JOHN KRAUSS, Vice ) <br> Chairman, Indiana Alcohol and Tobacco ) <br> Commission; DALE GRUBB, Commissioner, ) <br> Indiana Alcohol and Tobacco Commission; and ) <br> MARJORIE MAGINN, Commissioner, Indiana ) <br> Alcohol and Tobacco Commission, ) <br> ) <br> Defendants. ) | Case No. 1:20-cv-00741-TWP-MJD |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS**

This matter is before the Court on Plaintiff Indiana Fine Wine & Spirits, LLCs' ("IFWS") Motion for Attorneys' Fees and Costs, ([Filing No. 60](#)), filed pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54-1. IFWS filed their Motion pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, after they became the prevailing party in this action. For the following reasons, IFWS's Motion for Attorneys' Fees and Costs is **granted**.

### I.   BACKGROUND

Plaintiff IFWS initiated this action against Defendants David Cook, John Krauss, Dale Grubb, and Marjorie Maginn in their official capacities as Commissioners of the Indiana Alcohol and Tobacco Commission (collectively, "Defendants"). ([Filing No. 1](#).) On March 16, 2020, IFWS filed a Motion for Preliminary Injunction, seeking injunctive and declaratory relief regarding the constitutionality of Indiana Code § 7.1-3-21-5.4(b), which governs the issuance of alcohol dealer's permits for limited liability companies in Indiana. ([Filing No. 13](#).) On May 11, 2020, the Court

granted IFWS's Motion and issued a preliminary injunction prohibiting the Defendants, their agents, servants, and employees, and persons acting in concert or participation with them, from enforcing the residency requirements of Indiana Code § 7.1-3-21-5.4(b). (Filing No. 47.) On July 20, 2020, this Court entered an Order Granting Permanent Injunction and Final Judgment pursuant to Fed. R. Civ. Pro. 58. (Filing No. 58, Filing No. 59.) In that Order, IFWS was instructed to file an application for fees, if any, under Fed. R. Civ. Pro. 54(d)(2), within fourteen (14) days of entry of the Final Judgment. (Filing No. 59 at 2.)

On August 3, 2020, IFWS filed the instant Motion for Attorneys' Fees and Costs. (Filing No. 60.) Defendants responded with no objection to the IFWS's entitlement to fees or the services performed by IFWS's counsel, but objected to counsel's hourly rates. (Filing No. 61.)

## II.     LEGAL STANDARD

The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, allows 'the prevailing party' in certain civil rights actions, including suits brought under §1983, to recover 'a reasonable attorney's fee.'" *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (quoting 42 U.S.C. § 1988) (per curiam). The United States Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test" establishing that a party has prevailed. *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 (1992).

Calculating the fee award involves four steps: "(1) establishment of a reasonable hourly rate; (2) tabulation of attorney hours reasonably expended on the case; (3) multiplication of these two numbers to reach a 'lodestar' figure; and (4) reduction of this amount (where appropriate) to account for limited success." *Jamgotchian v. Indiana Horse Racing Comm.*, Case No. 1:16-cv-2344-WTL-TAB, 2018 WL 2560941, *2 (S.D. Ind. June 4, 2018). A motion for fees must include "sufficient fee documentation with adequate explanation in order to provide the court with a basis

for evaluating the claim," and the fee request must be "limited to reasonable expenses and eliminate[] excessive, redundant, or otherwise unnecessary time." *Id*. The "party seeking fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Id*.

### III.    DISCUSSION

IFWS is affiliated with a group of privately-owned businesses that operate in 25 states under the trade name Total Wine & More ("Total Wine").  ([Filing No. 60-2 at 2](Filing No. 60-2 at 2).)  Total Wine retained the firm of Zuckerman Spaeder on behalf of IFWS on an hourly basis at their standard hourly rates for matters originated in the Baltimore, Maryland office of the firm – $725.00 per hour for William J. Murphy's ("Mr. Murphy") time and $625.00 per hour for John J. Connolly's ("Mr. Connolly") services. *Id*. at 3.  After successfully obtaining permanent injunctive relief in this case, IFWS filed a timely Motion for Attorneys' Fees and Costs in accordance with Local Rule 54-1.  In support of the Motion, IFWS has submitted an affidavit from their counsel as well as an itemized, detailed billing statement of the hours expended and rates charged in this matter. Counsel's Declaration details the reasonableness of the number of attorney and paralegal hours, the reasonableness of tasks and services performed, and establish that IFWS is the prevailing party. Based on their standard hourly rate, IFWS seeks an award of $106,099.10 in attorneys' fees, and $1,381.60 in costs.  ([Filing No. 60 at 5](Filing No. 60 at 5).)

The Defendants concede that IFWS is the prevailing party in this action, and they raise no objection to the request for costs or reasonableness of tasks performed.  They respond in opposition only to the rates listed for Mr. Connolly ($625.00 per hour) and Mr. Murphy ($725.00 per hour), and argue those rates are "unreasonable."  Defendants contend although the Baltimore, Maryland market might consider Mr. Connolly's and Mr. Murphy's rates reasonable, the Indianapolis,

Indiana market does not. Defendants argue that in situations like this—when one party's attorney(s) practice in a different "market" than another—the Court must "rely on the 'next best evidence' of an attorney's market rate, namely 'evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases.'" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quoting *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999)). Defendants also argue that Indianapolis is the relevant legal community for the purposes of determining the market rate.

In its Reply, IFWS argues persuasively that the Defendants' arguments – that this Court should only look to "the market rate for the Indianapolis legal community", and look to the "next best evidence" to determine the appropriate rate – are incorrect. ([Filing No. 62 at 1-2](#).) The Seventh Circuit has rejected the argument that a district court should automatically reduce an out-of-town attorneys' rates to local rates. *See Mathur v. Board of Trustees  of S. Illinois Univ*., 317 F.3d 738, 742-743, (7th Cir. 2003) ("just because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward."). The Seventh Circuit has further instructed that it is an abuse of discretion to declare a lower rate as appropriate because of the prevailing local rate, "without regard to the quality of services rendered the appellants". *See Chrapliwy v. Uniroyal, Inc*., 670 F.2d 760 at 768 (7th Cir. 1982).

Mr. Murphy and Mr. Connolly have represented Total Wine and its affiliates, of which IFWS is one, for many years. ([Filing No. 62-1 at 2](#).) In  his Declaration, ([Filing No. 62-1](#)), Mr. Murphy describes their extensive practice in the area of Dormant Commerce Clause litigation and the lack of alternative legal professionals who work in this practice area in Indianapolis. Mr. Murphy and Mr. Connolly began this case with an extreme wealth of knowledge on the issues in

4

this litigation, and their expertise undoubtedly reduced the bills in this case because they were not starting from scratch. The Court recognizes that Mr. Murphy and Mr. Connolly were the counsel who litigated *Tennessee Wine & Spirits Retailers Ass'n v. Thomas,* the case which this Court relied on in its decision. *Tennessee Wine & Spirits Retailers Ass'n v. Thomas,* 139 S. Ct. 2449, 2453 (2019). The Defendants have presented no argument or evidence to show that local attorneys could do as well or that there is any other reason Mr. Murphy and Mr. Connolly should not have worked on this case. Nor have the Defendants presented affidavits from any counsel to oppose the reasonableness of the IFWS's fee request. These facts assure the Court that the hourly rates of IFWS's counsel are reasonable and Indianapolis is not the relevant legal community which this Court must look to in determining the market rate in this particular action.

IFWS has requested $106,099.10 in attorney fees based on their reasonable hourly rates in light of their expertise, and the reasonable amount of time expended in this matter, as well as $1,381.60 in costs. The Court concludes that the fees and costs are reasonable and supported by evidence.

## IV.    CONCLUSION

For the foregoing reasons, IFWS's Motion for Attorneys' Fees and Costs ([Filing No. 60](#)) is **GRANTED**. IFWS is awarded the amount of $106,099.10 in attorneys' fees and costs in the amount of $1,381.60 for a **total award of $107,480.70** against the Defendants.

**SO ORDERED.**

Date: 11/24/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Alex C. Intermill
BOSE, MCKINNEY & EVANS LLP
aintermill@boselaw.com

Bradley M. Dick
BOSE, MCKINNEY & EVANS LLP
bdick@boselaw.com

Bryan H. Babb
BOSE, MCKINNEY & EVANS LLP
bbabb@boselaw.com

John J. Connolly
ZUCKERMAN SPAEDER LLP
jconnolly@zuckerman.com

William J. Murphy
ZUCKERMAN SPAEDER LLP
wmurphy@zuckerman.com

Jefferson S. Garn
INDIANA ATTORNEY GENERAL'S OFFICE
jefferson.garn@atg.in.gov

Lauren A. Jacobsen
INDIANA ATTORNEY GENERAL'S OFFICE
lauren.jacobsen@atg.in.gov

Sarah Hurdle Shields
INDIANA ATTORNEY GENERAL'S OFFICE
sarah.shields@atg.in.gov

Courtney Lyn Abshire
INDIANA ATTORNEY GENERAL'S OFFICE
courtney.abshire@atg.in.gov